<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAHMOUD ELMILLIGY,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTINE NORBUT BEYER, *et al.*,<br><br>    Defendants. | No. 25cv12720 (EP) (CLW) |
| MAHMOUD ELMILLIGY,<br><br>    Plaintiff,<br><br>    v.<br><br>MORRIS COUNTY PROSECUTOR'S OFFICE, *et al.*,<br><br>    Defendants. | No. 25cv13244 (EP) (CLW)<br><br>**MEMORANDUM ORDER** |

**PADIN**, **District Judge.**

On the heels of this Court's denial of his motion for a temporary restraining order ("TRO"), *pro se* Plaintiff Mahmoud Elmilligy has filed over a dozen documents in Case No. 25-12720 ("Elmilligy I"), which the Court collectively construes as a second Motion for a TRO under Federal Rule of Civil Procedure 65. Elmilligy I D.Es. 9, 13-14, 16-23, 29-32, 35, 42, 44, 47 and 49 (collectively "Elmilligy I Second TRO Motion").[1] Also pending before the Court is Plaintiff's Motion to Amend his Complaint in Elmilligy I. Elmilligy I D.E. 15 ("Motion to Amend Complaint").

---

[1] These documents were entered on the docket between July 10, 2025, and July 18, 2025.

In addition, on July 13, 2025, Plaintiff filed a hybrid complaint and motion for a TRO in Case No. 25-13244 ("Elmilligy II"). Elmilligy II D.E. 1[2] ("Elmilligy II TRO Motion").[3] Plaintiff also seeks to proceed *in forma pauperis* ("IFP") in Elmilligy II. Elmilligy II D.E. 1-2 ("Elmilligy II IFP Application").

For the reasons set forth below, the Court **CONSOLIDATES** Elmilligy I and Elmilligy II, **DENIES** Plaintiff's Elmilligy II IFP Application as **MOOT**, **GRANTS** Plaintiff's Motion to Amend Complaint, and **DENIES** Plaintiff's TRO Motions.

I.　　**BACKGROUND AND PROCEDURAL HISTORY**

On July 3, 2025, Plaintiff filed a hybrid complaint and motion for a TRO in Elmilligy I. Elmilligy I D.E. 1 ("Elmilligy I First TRO Motion"). Plaintiff also sought to proceed IFP. D.E. 1-2 ("Elmilligy I IFP Application"). That same day, the Court granted his Elmilligy I IFP Application, denied Plaintiff's Elmilligy I First TRO Motion, and deferred screening Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). Elmilligy I D.E. 3 ("Order Denying Elmilligy I First TRO Motion").

After the Court denied Plaintiff's Elmilligy I First TRO Motion, he subsequently filed the numerous documents making up his Elmilligy I Second TRO Motion, as well as his Motion to Amend. *See* Elmilligy I Dkt.

Then, on July 13, 2025, Plaintiff caused a second case before this Court to be opened by filing Elmilligy II TRO Motion (which also serves as his complaint in Elmilligy II). *See* Elmilligy II Dkt.

---

[2] Plaintiff also filed an affidavit on July 14, 2025, Elmilligy II D.E. 3, which the Court construes as part of his Motion for a TRO in Elmilligy II.
[3] The Court will hereinafter collectively refer to the Elmilligy I TRO Motion and the Elmilligy II TRO Motion as "TRO Motions."

As best as the Court can discern,[4] Plaintiff alleges in his TRO Motions that a variety of incidents that have occurred both domestically and internationally have led to the loss of his parental rights, housing, career, medical access, identity, and civil liberties. *See* TRO Motions. According to Plaintiff, many of his constitutional rights have been violated in the past, and Plaintiff now seeks injunctive relief to prevent further and future violations. *Id.* In addition, Plaintiff brings a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, alleging that he was the "target of an ongoing criminal enterprise that used law enforcement, nonprofit religious entities, private citizens, and electronic platforms in coordinated retaliation and interference with his liberty, family integrity, and constitutional rights." Elmilligy II TRO Motion, D.E. 1-1 at 14.

## II.   DISCUSSION

### A.   Consolidation

This Court has the power to *sua sponte* consolidate cases under Federal Rule of Civil Procedure 42(a). *See, e.g.*, *Pennsylvania Gen. Ins. Co. v. Landis*, 96 F. Supp. 2d 408, 410 (D.N.J. 2000), *aff'd*, 248 F.3d 1131 (3d Cir. 2000). "Federal Rule of Civil Procedure 42(a) provides: 'If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions.'" *Kamdem-Ouaffo v. Task Mgmt. Inc.*, No. 17-7506, 2018 WL 3360762, at *26 (D.N.J. July 9, 2018) (quoting Fed. R. Civ. P. 42(a)) ("The Court will *sua sponte* consolidate these matters for all purposes."), *aff'd in part, appeal dismissed in part*, 792 F. App'x 218 (3d Cir. 2019).

---

[4] The Court notes that Plaintiff has now, in the span of two weeks, filed dozens of documents (consisting of over one hundred pages) in his cases before this Court (including four separate documents styled as emergency motions for a TRO, and numerous affidavits), many of which are convoluted and difficult to decipher. *See* Elmilligy I & II Dkts; *see also infra* Section II.E. The Court does it best to ascertain the basis of Plaintiff's claims across the many filings in both actions.

Here, the Court finds that Elmilligy I and II "arise out of the same nucleus of operative facts," *Landis*, 96 F. Supp. 2d at 418, namely that: Defendants in each action—most of them connected to municipal law enforcement—engaged in "a coordinated pattern" of conduct, including "retaliatory" arrests and prosecutions, resulting in, *inter alia*, the loss of Plaintiff's housing and "civil rights." TRO Motions. And, while "there are variations in the facts as to each [set] [of] defendant[s], they are largely the same," and the relief sought in each action is nearly identical.[5] *Jackson Hewitt, Inc. v. Nat'l Tax Network, LLC*, No. 10-5108, 2011 WL 601594, at *6 (D.N.J. Feb. 17, 2011). Accordingly, "in the interests of efficiency and judicial economy," the Court **CONSOLIDATES** Elmilligy I and Elmilligy II. *Vaughn:Douce v. New Jersey Div. of Child Prot. & Permanency*, No. 23-21737, 2024 WL 4771356, at *3 (D.N.J. Nov. 13, 2024). Consequently, the Court **ADMINISTRATIVELY TERMINATES** Elmilligy II. *Id.*

The Court will construe the complaints included (1) as part of Plaintiff's Elmilligy I First TRO Motion, D.E. 1, and (2) as part of Plaintiff's Elmilligy II TRO Motion, D.E. 1, together, as the operative complaint in this newly-consolidated matter. *See Bell v. Twp. of Maplewood*, No. 19-12980, 2021 WL 3260848, at *6 (D.N.J. July 30, 2021) ("The Court, however, must determine the operative complaint of this now consolidated matter.").

---

[5] *Compare* Elmilligy I Second TRO Motion, D.E. 9 at 4-5 (requesting that "any arrest, removal, or legal enforcement action against Plaintiff" be "halt[ed]"), *with* Elmilligy II TRO Motion, D.E. 1 at 7-9 (requesting an order "[d]irecting any government-affiliated actors (including law enforcement, prosecutors, or agents of state/federal agencies) to refrain from retaliatory, pretextual enforcement actions against Plaintiff").

4

B.   **IFP Application**

Given that this Court has already granted Plaintiff IFP status in Elmilligy I, *see* Order Denying Elmilligy I First TRO Motion, the Court **DENIES** Plaintiff's Elmilligy II IFP Application as **MOOT**. Plaintiff may continue to proceed IFP in this now-consolidated matter.

C.   **Motion to Amend Complaint**

On July 14, 2025, Plaintiff filed his Motion to Amend Complaint in Elmilligy I, seeking to add "federal defendants." Motion to Amend Complaint at 1.

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading [to which a responsive pleading is required] once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Here, Plaintiff has not served Defendants, *see* Elmilligy I & II Dkts., and is therefore permitted to file an amended complaint as a matter of course under Federal Rule of Civil Procedure. Accordingly, the Court **GRANTS** Plaintiff's Motion to Amend Complaint.

The Court notes that any amended complaint filed by Plaintiff will become the operative complaint in this now-consolidated action and will supersede the current operative complaint (the complaints included (1) as part of Plaintiff's Elmilligy I First TRO Motion, D.E. 1, and (2) as part of Plaintiff's Elmilligy II TRO Motion, D.E. 1, considered together, *see supra*).[6] Plaintiff should therefore include in any amended complaint all allegations and claims for relief from Elmilligy I D.E. 1 and Elmilligy II D.E. 1 he intends to continue to pursue in this now-consolidated action. The Court cautions Plaintiff that although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, even *pro se* litigants like Plaintiff must "comply with the

---

[6] Courts must review an IFP plaintiff's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). The Court will defer its screening of Plaintiff's claims at this time to give Plaintiff the opportunity to file an amended complaint.

5

basic pleading requirements of [Federal] Rule [of Civil Procedure] 8(a)." *Purisima v. City of Philadelphia*, 738 F. App'x 106, 107 (3d Cir. 2018).[7]

    **D.    TRO Motions**

In his numerous TRO Motions, Plaintiff requests nearly innumerable forms of injunctive relief,[8] including, *inter alia*: (1) enjoining Defendants from engaging in harassment or surveillance of Plaintiff; (2) enjoining Defendants from contacting or controlling Plaintiff's children or his estranged spouse; (3) enjoining Defendants from tampering with witnesses; (4) ordering the New Jersey Motor Vehicle Commission to reissue a driver's license to Plaintiff; (5) immediately staying all pending or anticipated criminal matters, investigations, or proceedings involving Plaintiff initiated or maintained by various New Jersey County prosecutors' offices and local police departments; (6) ordering the return of various identification documents belonging to Plaintiff and other seized property; (7) granting Plaintiff access to his children; (8) granting Plaintiff access to medical care and safe housing; and (9) prohibiting various technology companies, their contractors, and any law enforcement agency from interfering with or monitoring Plaintiff's electronic devices. TRO Motions.

As best as the Court can discern, Plaintiff seeks injunctive relief because he allegedly faces imminent risk of: (1) physical harm, re-detention, or extrajudicial targeting; (2) continued obstruction of justice and loss of access to children; (3) destruction of evidence and financial starvation designed to cripple litigation; (4) further psychological and reputational devastation; (5)

---

[7] Federal Rule of Civil Procedure 8 sets forth general rules of pleading and requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that each allegation in the complaint be "concise and direct," Fed. R. Civ. P. 8(e)(1).

[8] Given the volume of TRO Motions Plaintiff has submitted, *see supra* n.3 and Section II.E, the Court will not list every request for injunctive relief Plaintiff seeks here as it is simply impracticable.

retaliatory arrest based on fabricated or void charges; (6) loss of access to his children due to collusion and state inaction; (7) continued deprivation of shelter, safety, identification, medical treatment, and digital access; and (8) loss of his liberty, due process rights, and federal protections. TRO Motions.

Federal Rule of Civil Procedure 65(b) governs the issuance of TROs without notice to the adverse party. A court may issue a TRO under such circumstances only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant . . . certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The Court construes Plaintiff's filings liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, the Court **DENIES** Plaintiff's TRO Motions on both procedural and substantive grounds.

  1.   *Failure to certify effort to give notice*

As the Court noted in its Order Denying Elmilligy I First TRO Motion, Plaintiff has failed to comply with Federal Rule of Civil Procedure 65(b)(1) because he has not certified in writing any effort made to give notice of this filing and the reasons why it should not be required. *See* TRO Motions. This alone is a basis to deny his requested relief.

  2.   *Failure to show irreparable harm*

To prevail on a TRO, the moving party must make the threshold showing that they: (1) have a likelihood of success on the merits of their claims and (2) will be irreparably harmed if the injunction is not granted. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017). As explained below, Plaintiff fails to show irreparable harm.

"A plaintiff has the burden of proving a 'clear showing of immediate irreparable injury.'" *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (quoting *Continental Grp. v. Amoco*

7

*Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)). "A showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a 'clear showing of *immediate* irreparable harm.'" *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992) (quotations omitted).

As the Court explained in its Order Denying Elmilligy I First TRO Motion, Plaintiff has failed to identify any *immediate* injury that warrants injunctive relief. Indeed, most of Plaintiff's new TRO requests are connected to past incidents. For example, Plaintiff requests that the Court provide him with "[e]mergency protection" from "targeting" by federal agencies (and others), based on an alleged incident that occurred in October 2024 when Plaintiff was in Colombia. *See* Elmilligy I Second TRO Motion, D.E. 16. Plaintiff's Elmilligy I Second TRO Motion similarly continuously references exhibits involving that October 2024 incident and other incidents that allegedly occurred in 2023 and 2024. *See, e.g.*, Elmilligy I Second TRO Motion, D.E. 9. To the extent Plaintiff seeks to redress past harm, a TRO is not the appropriate mechanism to do so, as a TRO provides injunctive, forward-looking relief. *See Freedom Med. Inc. v. Whitman*, 343 F. Supp. 3d 509, 530 (E.D. Pa. 2018) ("Simply put, a showing of past harm, without more, is insufficient to justify the issuance of a preliminary injunction.") (citations omitted).

Moreover, Plaintiff's requests, such as the one identified above, are not sufficiently concrete. In other words, Plaintiff does not allege competent facts showing that is now being targeted by federal agencies in the manner he was in Colombia such that injunctive relief is required to prevent *future* harm.

Plaintiff's other requests fail for the same reason. For instance, Plaintiff asks the Court to "halt[] any arrest, removal, or legal enforcement action against Plaintiff," Elmilligy I Second TRO Motion, D.E. 9, yet he does not show that there are any arrest warrants or final orders of removal

8

currently issued, or how he is subject to *immediate* and irreparable harm. And because many of Plaintiff's requests stem from his "anticipation of retaliatory tactics by government actors or affiliated third parties," Elmilligy I Second TRO Motion, D.E. 13 at 1, "even if this Court was to grant plaintiff the requested relief, it would be impossible to administer because plaintiff is seeking a restraining order against alleged future retaliation. Thus, he is asking this Court to prevent persons from doing something that is entirely speculative in nature." *Bieros v. Nicola*, 857 F. Supp. 445, 447 (E.D. Pa. 1944).[9]

"[I]njunctive relief will not be granted merely to allay the fears and apprehensions or to soothe the anxieties of the parties." *Zokaites v. Land-Cellular Corp.*, 424 F. Supp. 2d 824, 832 (W.D. Pa. 2006). And, as the Supreme Court has made clear, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Even when construing Plaintiff's filings liberally, the Court finds they are too speculative in nature; relatedly, Plaintiff does not show any immediate injury or how he will be irreparably harmed if injunctive relief is not granted. Because Plaintiff has failed to meet this high bar, the Court **DENIES** his TRO Motions.[10]

### E.     Potential Pre-Filing Injunction

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enter a pre-filing injunction "to preclude abusive, groundless and vexatious litigation." *Brow v. Farrelly*, 994 F.2d

---

[9] With respect to Plaintiff's various requests for technology companies to not disable or interfere with his electronic devices, *see* Elmilligy II TRO Motion, the Court finds that he has not clearly set forth specific facts showing that his devices will immediately and irreparable be disabled or interfered with. Establishing a *risk* of irreparable harm is not enough.'" *Miller v. Little*, No. 21-1941, 2022 WL 2070282, at *1 (M.D. Pa. June 8, 2022) (quoting *ECRI*, 809 F.2d at 226) (emphasis added in *Miller*).

[10] Because Plaintiff fails to show irreparable injury, the Court does not analyze whether Plaintiff has a likelihood of success on the merits of his claims. *See Reilly*, 858 F.3d at 176.

1027, 1038 (3d Cir. 1993). However, "the District Court should not restrict a litigant from filing claims absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.* at 1037. Moreover, "[i]f the circumstances warrant the imposition of an injunction, the District Court must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Id.*

A filing injunction "should be entered only in exigent circumstances, such as when a litigant continuously abuses the judicial process by filing meritless and repetitive actions," and must give "notice to the litigant to show cause why the proposed injunction should not issue" and "be narrowly tailored to fit the particular circumstances of the case." *Parker v. Admin N.J. State Prison*, 795 F. App'x 862, 862 (3d Cir. 2020). "The interests of repose, finality of judgments, protection of defendants from unwarranted harassment, and concern for maintaining order in the court's dockets have been deemed sufficient by a number of courts to warrant such a prohibition against relitigation of claims." *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). Notably, "a litigant's *pro se* status cannot act as a shield against filing injunctions." *Shaikh v. Dep't of Banking & Ins., Div. of Ins.*, No. 19-14092, 2025 WL 1248934, at *8 (D.N.J. Apr. 30, 2025) (citing *Grossberger v. Ruane*, 535 F. App'x 84, 86-87 (3d Cir. 2013) (affirming district court's decision to impose filing injunction on *pro se* litigant who continued to file meritless motions, briefs, and letters after case was closed)).

Since July 3, 2025, Plaintiff has filed dozens of documents (there are over a dozen gaveled motions) in two cases before this Court, including numerous separate documents styled as motions for a TRO and several affidavits also including requests for injunctive relief. *See* Elmilligy I & II Dkts. These documents have been difficult for the Court to decipher as they primarily consist of disjointed, unconnected paragraphs. The filings largely cover the same general topics and are

repetitive in nature. Plaintiff's repeated motions for emergency relief also demand considerable judicial resources; in addition, as Plaintiff is proceeding IFP, the Court must also screen his operative pleading, which is comprised of several filings as well. Furthermore, Plaintiff has not made it clear for the Court what claims he wishes to bring, the facts related to those claims, or how the relief Plaintiff seeks is even the type of relief a court can grant.

In light of the above considerations, the Court will order Plaintiff to **SHOW CAUSE** why a prefiling injunction should not be entered against him pursuant 28 U.S.C. § 1651. Other district courts in this circuit have taken this step when *pro se* plaintiffs have filed repetitive and frivolous claims. *See Dalicer v. Members 1st FCU*, No. 24-1737, 2024 WL 5374925, at *4 (M.D. Pa. Dec. 23, 2024), *report and recommendation adopted sub nom. Dalicier v. Members 1st FCU*, 24-1737, 2025 WL 365637 (M.D. Pa. Jan. 31, 2025) (collecting cases).

For the avoidance of doubt, Plaintiff may file an amended complaint in this action should he wish to do so; however, the Court cautions Plaintiff that he must meaningfully clarify in his amended pleading how the facts he alleges are tied to specific causes of action he seeks to bring, and how those facts connect to each Defendant he seeks to bring this action against.[11]

### III.   CONCLUSION AND ORDER

Having considered the TRO Motions, Elmilligy II IFP Application, Motion to Amend Complaint and all related items on the docket, and having determined that oral argument is not needed,

**IT IS**, on this **24th** day of July 2025, for the reasons set forth above,

---

[11] Dismissal of a complaint is appropriate under Rule 8 "where the 'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

11

**ORDERED** that the case pending at Case No. 25cv13244 is **CONSOLIDATED** with the case pending at Case No. 25cv12720; and it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** Case No. 25cv13244 ("Elmilligy II"); and it is further

**ORDERED** that Plaintiff's Elmilligy II IFP Application, D.E. 1-2 in Case No. 25cv13244 is **DENIED** as **MOOT**; and it is further

**ORDERED** that Plaintiff's Elmilligy I TRO Second TRO Motion, D.Es. 9, 13, 14, 16-23, 29-32, 35, 42, 44, 47, and 49 in Case No. 25cv12720, is **DENIED**; and it is further

**ORDERED** that Plaintiff's Elmilligy II TRO Motion, D.Es. 1 and 3 in Case No. 25cv13244, is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion to Amend, D.E. 15 in Case No. 25cv12720, is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall **SHOW CAUSE**, in a letter to this Court within 14 days of this Order, why a prefiling injunction should not be entered against him pursuant 28 U.S.C. § 1651; and it is finally

**ORDERED** that the Clerk of Court shall send Plaintiff a copy of this Order by regular U.S. mail.

_____
Evelyn Padin, U.S.D.J.