<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAHMOUD ELMILLIGY,<br><br> Plaintiff,<br><br> v.<br><br>UNION COUNTY PROSECUTOR'S OFFICE, *et al.*,<br><br> Defendants. | No. 25cv12720 (EP) (CF) |
| MAHMOUD ELMILLIGY,<br><br> Plaintiff,<br><br> v.<br><br>UNION COUNTY PROSECUTOR'S OFFICE, *et al.*,<br><br> Defendants. | No. 25cv19130 (EP) (CF)<br><br>**MEMORANDUM ORDER** |

**PADIN**, **District Judge.**

Presently before the Court are two motions from *pro se* Plaintiff Mahmoud Elmilligy seeking emergency relief. As explained in more depth below, the Court **DENIES** both motions.

**I.**  **BACKGROUND**

In July 2025, *pro se* Plaintiff Mahmoud Elmilligy filed a hybrid complaint and motion for a temporary restraining order ("TRO") in Case No. 25-12720 ("Elmilligy I"). Elmilligy I, D.E. 1 ("Elmilligy I First TRO Motion"). Plaintiff also sought to proceed *in forma pauperis* ("IFP"). D.E. 1-2 ("Elmilligy I IFP Application"). That same day, the Court granted his Elmilligy I IFP Application, denied Plaintiff's Elmilligy I First TRO Motion, and deferred screening Plaintiff's

complaint under 28 U.S.C. § 1915(e)(2)(B).  Elmilligy I, D.E. 3 ("Order Denying Elmilligy I First TRO Motion").

Since then, Plaintiff has filed numerous motions for immediate and injunctive relief across multiple cases concerning the same factual underpinnings: that a variety of actors, including governmental entities, have deprived Plaintiff of several of his constitutional rights while relying on false information, which has significantly impacted Plaintiff's life.  Plaintiff has asserted across well-over a dozen emergency motions that he faces imminent harm such that injunctive relief is required, yet this Court has consistently determined that those claims are unfounded.  On January 7, 2026, the Court denied Plaintiff's emergency filing in Elmilligy I.  While Plaintiff has failed to establish that he faces imminent harm such that injunctive relief is required, the Court nevertheless allowed Plaintiff's pleadings in Elmilligy I to pass the IFP screening stage.  Elimilligy I, D.E. 105.

Now, Plaintiff has commenced a new action against the Union County and Morris County Prosecutor's Offices—both defendants in Elmilligy I.  Case No. 25-19130, ("Elmilligy II"), D.E. 1 ("Complaint").  Plaintiff has accompanied his Complaint with another emergency motion for a TRO and preliminary injunction in which he "seeks immediate injunctive relief to halt Defendants' ongoing reliance on demonstrably false criminal information that is actively depriving Plaintiff of liberty, travel, and legal status without due process."  Elmilligy II, D.E. 2 ("Elmilligy II TRO").  Plaintiff also seeks to proceed IFP.  Elmilligy II, D.E. 1-4 ("Elmilligy II IFP Application").  In addition, on January 7, 2026, Plaintiff filed another emergency motion in Elmilligy I requesting that various forms of injunctive relief be entered against Noha Sedik, one Defendant in the action.  D.E. 127 ("Elmilligy I TRO").

## II. DISCUSSION

### A. Consolidation

This Court has the power to *sua sponte* consolidate cases under Federal Rule of Civil Procedure 42(a). *See, e.g.*, *Pennsylvania Gen. Ins. Co. v. Landis*, 96 F. Supp. 2d 408, 410 (D.N.J. 2000), *aff'd*, 248 F.3d 1131 (3d Cir. 2000). "Federal Rule of Civil Procedure 42(a) provides: 'If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions.'" *Kamdem-Ouaffo v. Task Mgmt. Inc.*, No. 17-7506, 2018 WL 3360762, at *26 (D.N.J. July 9, 2018) (quoting Fed. R. Civ. P. 42(a)) ("The Court will *sua sponte* consolidate these matters for all purposes."), *aff'd in part, appeal dismissed in part*, 792 F. App'x 218 (3d Cir. 2019).

As Plaintiff himself recognizes, *see* Elmilligy II, D.E. 1-1 at 3, both Elmilligy I and II involve the same Defendants and "arise out of the same nucleus of operative facts," *Landis*, 96 F. Supp. 2d at 418, namely that: Defendants in each action—most of them connected to municipal law enforcement—have deprived Plaintiff of his civil rights by relying upon false criminal information to wrongfully and maliciously prosecute him. Complaint at 3. After reviewing the allegations in Elimilligy I and II, the Court finds that Plaintiff's claims are interconnected in a manner that warrants being considered together. Accordingly, "in the interests of efficiency and judicial economy," the Court will **CONSOLIDATE** Elmilligy I and Elmilligy II. *Vaughn:Douce v. New Jersey Div. of Child Prot. & Permanency*, No. 23-21737, 2024 WL 4771356, at *3 (D.N.J. Nov. 13, 2024). Elmilligy II will consequently be **ADMINISTRATIVELY TERMINATED**. *Id.*[1]

---

[1] Because Elmilligy II is consolidated into Elmilligy I, Plaintiff's Elmilligy II IFP Application is **DENIED** as **MOOT**.

3

**B.     TRO Motions**

In the Elmilligy I TRO, Plaintiff requests that the Court enters an order which, at minimum, prohibits Ms. Sedik from:  (1) making false, misleading, or retaliatory reports to law enforcement, courts, or state agencies concerning Plaintiff; (2) interfering, directly or indirectly, with Plaintiff's access to medical care, employment, housing, or parental rights; (3) contacting Plaintiff except through counsel or court-authorized channels; and (4) encouraging or soliciting third parties to engage in the above conduct.  Elmilligy I TRO Mot. at 5.

In the Elmilligy II TRO, Plaintiff seeks multiple forms of injunctive relief as well, including, *inter alia*, for the Court to order Defendants the Morris County and Union County Prosecutor's Offices to:  (1) cease representing that Plaintiff had a criminal record in June 2023 when he did not; (2) cease representing that Plaintiff was present in the United States during the March 2024 alleged conduct; (3) correct or annotate all criminal databases to reflect the factual dispute and Plaintiff's documented absence; (4) suspend enforcement of any warrants, detainers, or enforcement actions premised on those false representations; and (5) refrain from transmitting the false information to third parties pending final adjudication.  Complaint at 4-5.

As best as the Court can discern from his filings, Plaintiff seeks emergency injunctive relief because he allegedly faces imminent risk of: (1) continuing criminal exposure; (2) deprivation of international travel and passport rights; and (3) cascading collateral consequences from false criminal designations.  Elmilligy II TRO Motion at 4.

Federal Rule of Civil Procedure 65(b) governs the issuance of TROs without notice to the adverse party.  A court may issue a TRO under such circumstances only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant . . . certifies in writing any efforts made to give notice and the reasons why it should not

be required." Fed. R. Civ. P. 65(b)(1).  The Court construes Plaintiff's filings liberally because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nevertheless, the Court **DENIES** Plaintiff's TRO Motions on both procedural and substantive grounds.

### 1. *Failure to certify effort to give notice*

As the Court noted in its Order Denying Elmilligy I First TRO Motion—and also explained to Plaintiff in a different case also consolidated into Elimilligy I in which he filed a TRO—[2] Plaintiff has failed to comply with Federal Rule of Civil Procedure 65(b)(1) because he has not certified in writing any effort made to give notice of this filing and the reasons why it should not be required.  *See* Dkt in Elmilligy II.  This alone is a basis to deny his requested relief in both motions pending before this Court.  *See Alexander v. Russo*, No. 23-1514, 2023 WL 3434038, at *2 (D.N.J. May 12, 2023).

### 2. *Plaintiff has not shown a likelihood of success on the merits*

Plaintiff's TROs also fail on substantive grounds.  To prevail on a TRO, the moving party must make the threshold showing that they:  (1) have a likelihood of success on the merits of their claims and (2) will be irreparably harmed if the injunction is not granted.  *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017).  As the Supreme Court has made clear, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).  The decision to grant or deny . . . injunctive relief is an act of equitable discretion by the district court."  *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).  Injunctive relief is "never awarded as of right." *Groupe SEB USA, Inc. v. Euro-Pro Operating*

---

[2] Case No. 25-13244, D.E. 5, (July 24, 2025).

*LLC*, 774 F.3d 192, 197 (3d Cir. 2014) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)).

Even when construing Plaintiff's filings liberally, the Court finds they are too vague and conclusory to grant him relief. For example, in Elmilligy II, Plaintiff alleges that "information maintained and relied upon by [the Morris County Prosecutor's Office] represented that Plaintiff had a criminal record," but Plaintiff did not have a criminal record at that time. Complaint at 2-3. While Plaintiff acknowledges this is an "objective, verifiable fact," he provides no supplemental information beyond his conclusory allegations for the Court to ascertain the veracity of this claim. *Id.* Similarly, Plaintiff alleges that the criminal allegations maintained by the Union County Prosecutor's Office state that he was present in the United States operating a motor vehicle in March 2024, even though Plaintiff was outside the country at that time. *Id.* at 3. Plaintiff further asserts that the Union County Prosecutor's Office continues to "rely" upon allegations premised on Plaintiff's presence in the United States at that time. *Id.* Again, Plaintiff provides no detail to substantiate these claims. For instance, he does not provide any proof he was outside the country in March 2024, he does not specify what criminal allegations were made against him, and he does not explain how these Union County Prosecutor's Office continues to rely on these claims in any way. The Court cannot rely on vague and unsupported allegations to grant injunctive relief.

His TRO in Elmilligy I fails for a similar reason: Plaintiff does not establish success on the merits. Plaintiff only once mentions the cause of action he brings his claim under and includes no facts or argument as to why he would prevail on that claim. *See generally* Elmilligy I TRO. For example, despite, on numerous occasions alleging that false and misleading reports have been made to law enforcement about him, Plaintiff does not provide the Court with any reports, how those reports have been weaponized against him, and how his access to medical care has been

impacted. This is just one of many ways in which Plaintiff has failed to provide the Court with the information it needs to ascertain his claims and consider granting him injunctive relief.

In sum, Plaintiff has failed to establish success on the merits of his claims in both TROs because he "has cited little evidence to support his claims, and the Court has little more than bare, conclusory allegations upon which to base its judgment." *Hammonds v. Allegheny Cnty. Bureau of Corr.*, No. 18-1389, 2019 WL 3843085, at *2 (W.D. Pa. Aug. 15, 2019); *see also Zulkarnain v. Downing*, No. 17-2071, 2017 WL 11724182, at *2 (D.N.J. June 13, 2017) (finding that a plaintiff failed to establish success on the merits of his TRO claim because his alleged causes of actions were conclusory and unsupported by any specific pleadings); *see also Young v. Medden*, 241 F. App'x 45, 47 (3d Cir. 2007) (affirming denial of TRO where the plaintiff provided no evidence, outside of his allegations, to support his claim of wrongdoing).

Because Plaintiff has failed to meet this high bar to establish that he would succeed on the merits of his claims, the Court will **DENY** his TRO Motions in Elmilligy I and II.[3]

### C. Pre-Filing Injunction

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enter a pre-filing injunction "to preclude abusive, groundless and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). However, "the District Court should not restrict a litigant from filing claims absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.* at 1037. "The interests of repose, finality of judgments, protection of defendants from unwarranted harassment, and concern for maintaining order in the court's dockets have been deemed sufficient by a number of courts to warrant such a prohibition against relitigation of claims." *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982).

---

[3] Because Plaintiff fails to show success on the merits of his claims, the Court does not analyze whether Plaintiff has shown irreparable harm. *See Reilly*, 858 F.3d at 176.

7

Notably, "a litigant's *pro se* status cannot act as a shield against filing injunctions." *Shaikh v. Dep't of Banking & Ins., Div. of Ins.*, No. 19-14092, 2025 WL 1248934, at *8 (D.N.J. Apr. 30, 2025) (citing *Grossberger v. Ruane*, 535 F. App'x 84, 86-87 (3d Cir. 2013) (affirming district court's decision to impose filing injunction on *pro se* litigant who continued to file meritless motions, briefs, and letters after case was closed)); *Danihel v. Off. of the President*, No. 14-6880, 2015 WL 1954269, at *1 (E.D. Pa. Apr. 29, 2015), *aff'd*, 640 F. App'x 185 (3d Cir. 2016) (enjoining a pro se plaintiff from "commencing any new civil matters against the named Defendants that relates to the subject matter of this action"); *Jaye v. Shipp*, No. 17-5257, 2018 WL 2278100, at *1 (D.N.J. May 18, 2018) (entering a pre-filing injunction against a pro se litigant to prevent "abuse of the system and futile expense, as Defendants are forced to repeatedly defend against ultimately frivolous lawsuits").

To ensure that a litigant's right to due process is not wrongfully infringed, a pre-filing injunction must meet three requirements: "(1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly tailored to fit the specific circumstances of the case." *Perlmutter v. Varone*, No. 21-5018, 2022 WL 1443426, at *3 (E.D. Pa. May 6, 2022) (quoting *Grossberger*, 535 F. App'x at 86).

Since July 2025, the Court has, in this action alone, already ordered Plaintiff to show cause why a pre-filing injunction should not issue and has subsequently twice warned Plaintiff "that a continued practice of filing piecemeal emergency motions requesting injunctive relief (which the Court has repeatedly struggled to understand) may result in the imposition of a pre-filing injunction in the future." Elmilligy I, D.E. 76; *see also* Elmilligy I, D.E. 111 ("The Court again warns Plaintiff that a pattern of 'groundless and vexatious litigation' may result in an order prohibiting

8

further filings without the Court's permission." (citing *Chipps v. U.S.D.C. for the M.D. Pa.*, 882 F.2d 72, 73 (3d Cir. 1989)). The Court also explicitly told Plaintiff that "even though he is acting pro se, [he] must nevertheless[] comply with the Federal Rules of Civil Procedure." D.E. 111 (quoting *Ellis v. City of Pittsburgh*, No. 14-4, 2014 WL 7359108, at *1 (W.D. Pa. Dec. 24, 2014)).

Plaintiff's repeated motions for emergency relief over the past several months across multiple cases have demand considerable judicial resources. In the past few weeks alone, Plaintiff has, in just these two cases, filed three emergency motions concerning the same set of facts that are to be litigated in Elmilligy I. And in these motions, Plaintiff has failed to address the substantive issues which the Court has outlined for him on numerous occasions—namely, providing specific detail in a coherent narrative such that the Court can review his claims and consider their merit. Beyond the dozens of duplicative and meritless motions he has filed, Plaintiff has demonstrated a disregard for this Court's rules and has engaged in a pattern of vexatious litigation. For example, Plaintiff recently objected to an *automatic* extension of a motion date. Elmilligy I, D.E. 120. Such conduct serves no beneficial purpose and suggests to the Court that Plaintiff is knowingly abusing the judicial process and the Court's granting him IFP status, which has effectively let him pursue new actions without any financial consequence.

As noted above, the Court warned Plaintiff that his continued abuse of the judicial process could result in a pre-filing injunction. And while Plaintiff heeded that warning for a short time in late 2025, his recent conduct demonstrates an intent to repeatedly litigate the same series of actions which Plaintiff is currently litigating in Elmilligy I, while not meaningfully adapting his filings as directed by the Court. Accordingly, Plaintiff has left the Court with no choice but to enter a pre-

filing injunction against him because it appears to be the only way to prevent him repeatedly from continuing to flood this District with duplicative motions and cases.[4]

Specifically, the Court will enjoin Plaintiff from filing any emergency motions seeking injunctive relief and/or commencing new actions that arise from the same set of operative facts as Elmilligy I without first seeking the leave of this Court. Elmilligy I is the proper forum for Plaintiff to litigate those claims. The Court views this injunction as narrowly tailored because it is tied to the claims and facts that are being litigated in Elmilligy I. For example, the Third Circuit affirmed a pre-filing injunction that applied "only to a small subset of cases (the present case and new civil actions brought against these same defendants that relate, or could relate, to the subject matter of this case)" and allowed the plaintiff to seek the District Court's permission to file actions that fall within that subset of cases. *Danihel*, 640 F. App'x at 190-91; *see also Perlmutter*, 2022 WL 1443426, at *4 (limiting a pre-filing injunction to the same defendants that the plaintiffs "have repeatedly dragged into court").

### III. CONCLUSION AND ORDER

Having considered Plaintiff's latest TRO Motions in Elmilligy I and II, as well as Plaintiff's Elmilligy II IFP Application, and all related items on the docket, and having *sua sponte* considered whether to issue a pre-filing injunction against Plaintiff,

**IT IS**, on this **8th** day of January 2026, for the reasons set forth above,

**ORDERED** that the case pending at Case No. 25-19130 is **CONSOLIDATED** with the case pending at Case No. 25-12720; and it is further

---

[4] A review of CM/ECF reveals that Plaintiff has commenced approximately 40 cases in this District since July 2025, many of which involve the same parties.

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** Case No. 25-19130; and it is further

**ORDERED** that Plaintiff's Elmilligy II IFP Application, D.E. 1-4 in Case No. 25-19130 is **DENIED** as **MOOT**; and it is further

**ORDERED** that Plaintiff's TRO Motion, D.E 2 in Case No. 25-19130, is **DENIED**; and it is further

**ORDERED** that Plaintiff's TRO Motion, D.E 127 in Case No. 25-12720, is **DENIED**; and it is further

**ORDERED** that Plaintiff is **PROHIBITED** from commencing any new actions or filing any motions styled as emergency motions and which seek injunctive relief that arise from the same set of facts that are related to Case No. 25-12720 without seeking leave of this Court; and it is finally

**ORDERED** that the Clerk of Court shall send Plaintiff a copy of this Order by regular U.S. mail.

                                                                    _____
                                                                    Evelyn Padin, U.S.D.J.