**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MAHMOUD ELMILLIGY,<br>Plaintiff,<br>v.<br>CHRISTINE NORBUT BEYER, *et al.*,<br>Defendants. | No. 25cv12720 (EP) (CF) |
| MAHMOUD ELMILLIGY,<br>Plaintiff,<br>v.<br>JOEL SELTZER, ESQ., *et al.*,<br>Defendants. | No. 25cv18249 (ES) (JRA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Mahmoud Elmilligy has filed numerous civil actions in this District alleging a coordinated course of misconduct by private persons and governmental actors. Across those actions, Plaintiff challenges domestic violence restraining orders, searches and seizures, criminal investigations and charges, child welfare responses, and the alleged use of false criminal information. Several of those actions have already been consolidated into Civil Action No. 25-12720 (herein, "*Elmilligy I*") because of their overlapping factual allegations. According to recent filings in *Elmilligy I*, Plaintiff is currently detained pending trial on multiple state indictments.

Presently before the Court is a Motion to Consolidate Cases, Stay Proceedings, and Extend Time to Respond filed in *Elmilligy I* by the New Jersey Office of the Attorney General

("NJOAG"), New Jersey Department of Law & Public Safety, Office of Public Integrity & Accountability ("OPIA"), New Jersey Department of Children & Families, Division of Child Protection and Permanency ("DCF"), the Morris County Prosecutor's Office ("MCPO"), and the Union County Prosecutor's Office ("UCPO") (collectively, the "Moving Defendants"). *Elmilligy I*, D.E. 174-1 ("Motion" or "Mot.").[1] Counsel for the Moving Defendants also represents MCPO and MCPO Chief Assistant Prosecutor Tia Manochio in *Elmilligy v. Seltzer, et al.*, No. 25-18249 ("*Elmilligy III*"); the Moving Defendants and Manochio are referred to collectively as the "State Defendants." In their Motion, the Moving Defendants seek to consolidate *Elmilligy III* into *Elmilligy I*, stay the consolidated action pending Plaintiff's state criminal prosecutions, and extend the State Defendants' time to respond to the operative pleading in the consolidated action. Mot. at 1.

For the reasons below, the Court will **GRANT** the Motion, **CONSOLIDATE** *Elmilligy III* into *Elmilligy I*, and **STAY** the consolidated action in its entirety pending resolution of Plaintiff Mahmoud Elmilligy's ongoing state criminal prosecutions and until further Order of the Court. That disposition also calls for the Court to **ADMINISTRATIVELY TERMINATE** several pending motions to dismiss across the newly consolidated action.

## I. BACKGROUND[2]

This Court has already consolidated related actions into *Elmilligy I*. In January 2026, the Undersigned consolidated Civil Action No. 25-19130 ("*Elmilligy II*") into *Elmilligy I* after finding that Plaintiff's claims were "interconnected in a manner that warrants being considered together."

---

[1] The notice of motion is filed at D.E. 174. The Court refers to the brief in support of the Motion as the Motion.

[2] This Court and the parties are familiar with the facts underlying Plaintiff's multiple lawsuits filed over the past year and therefore recounts only the facts necessary to decide the Motion.

*Elmilligy v. Union Cnty. Prosecutor's Off.*, Nos. 25-12720 & 25-19130, 2026 WL 63712, at *2 (D.N.J. Jan. 8, 2026). The Court explained that consolidation served "the interests of efficiency and judicial economy" and later emphasized that "*Elmilligy I* is the proper forum for Plaintiff to litigate those claims." *Id.* at *2, *5.

That conclusion followed an earlier consolidation order involving another related action. There, the Court similarly determined that the matters arose from the "same nucleus of operative facts" even though "there [were] variations in the facts as to each [set] [of] defendant[s]" because the allegations were "largely the same" and the relief substantially overlapped. *Elmilligy v. Beyer*, Nos. 25-12720 & 25-13244, 2025 WL 2084395, at *2 (D.N.J. July 24, 2025). More recently, the Court observed in yet another Elmilligy action that the claims there appeared to "significantly overlap" with Civil Action No. 25-12720 and noted that additional consolidation could be appropriate. *Elmilligy v. City of Elizabeth*, No. 25-13622, 2026 WL 1104913, at *3 n.7 (D.N.J. Apr. 23, 2026).

The operative amended complaint in *Elmilligy I*, D.E. 82, names private, municipal, county, state, and federal actors and alleges a broad course of retaliatory conduct. For present purposes, the relevant allegations begin in June 2023. Plaintiff alleges that on or around June 9, 2023, Mount Olive police searched and seized his property without a valid warrant, probable cause, or exigent circumstances and that the seizure resulted in criminal firearm charges. *Id.* at 6, 11–12. Plaintiff further alleges that a second temporary restraining order was filed on October 12, 2023, that he was arrested the following day, and that later charges and prosecutions were part of the same alleged retaliatory course of conduct. *Id.* at 6–9. His claims include due process, malicious prosecution, retaliation, unlawful search and seizure, conspiracy, and related theories; he seeks,

among other relief, to enjoin allegedly fabricated prosecutions and to correct, seal, or expunge criminal records. *Id.* at 8–18, 21–22.

*Elmilligy III* focuses more directly on the representation and prosecution of the firearm matter. Plaintiff names as Defendants retained and appointed criminal defense counsel, MCPO, MCPO Chief Assistant Prosecutor Manochio, and others. Plaintiff characterizes the June 9, 2023 incident as a "home invasion and firearm seizure," alleges that it was followed by temporary restraining orders on June 9 and October 12, 2023 and a final restraining order signed November 28, 2023, and identifies the resulting firearm case as Promis Gavel 23-1157, later Indictment No. 24-05-00520-I. *Elmilligy III*, D.E. 1 at 1–3. He asserts claims under 42 U.S.C. §§ 1983 and 1985 and related federal and state law theories based on Defendants' alleged handling of that prosecution. *Id.* at 1–4. MCPO is a defendant in both actions.

The criminal records attached to the Motion establish a concrete connection between those civil allegations and at least two pending prosecutions. In MRS-23-001157, Indictment No. 24-05-00520-I charges two counts of prohibited weapons under N.J. Stat. Ann. § 2C:39-3(j). *Elmilligy I*, D.E. 174-2 at 108. A May 13, 2026 detention order in MRS-24-000923 identifies Indictment No. 26-04-00398-I and charges contempt for violating a domestic violence restraining order, stalking in violation of a court order, and six counts of false report to law enforcement. *Id.* at 105–06. The detention order describes alleged welfare-check calls to Mount Olive police and alleged violations of the final restraining order. *Id.* The State Defendants further represent that Plaintiff has a third open indictment, No. 24-06-00530-I, and that his criminal matters are actively moving toward trial. Mot. at 1–2; D.E. 187 at 1–2. Plaintiff remains detained pending trial. D.E. 174-2 at 105–06; D.E. 187 at 1.

On July 10, 2026, the State Defendants filed the present Motion. They seek consolidation of *Elmilligy I* and *III*, a stay pending resolution of Plaintiff's state criminal prosecutions, and an extension of their time to respond to the operative complaint in the consolidated action. *See* Mot. Discovery and case management-related proceedings are already paused in both actions. In *Elmilligy III*, Judge Jose R. Almonte, U.S.M.J., stayed discovery pending resolution of this Motion and canceled the initial scheduling conference. *Elmilligy III*, D.E. 26. In *Elmilligy I*, Judge Cari Fais, U.S.M.J., similarly continued the initial conference after finding "significant overlap" between Plaintiff's pending civil and criminal cases and held discovery in abeyance. *Elmilligy I*, D.E. 188.

## II. DISCUSSION

### A. Consolidation

Federal Rule of Civil Procedure 42(a) permits consolidation when actions before the Court involve a common question of law or fact. Fed. R. Civ. P. 42(a). Under Rule 42, it is not necessary that the "pending suits be identical before they can be consolidated." *In re Lucent Techs. Inc. Securities Litig.*, 221 F. Supp. 2d 472, 480 (D.N.J. 2001). In deciding whether to consolidate, courts weigh the efficiencies of a single proceeding against the risk of prejudice or confusion from consolidation. *Id.* (citing *In re Consolidated Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998)). Local Civil Rule 42.1 directs that a consolidation motion involving civil cases pending in this District be heard in the earliest filed action. L. Civ. R. 42.1. Courts have substantial discretion in deciding whether and to what extent consolidation will advance the administration of justice. *Hall v. Hall*, 584 U.S. 59, 77 (2018). The purpose is to streamline proceedings, avoid duplication of effort, and reduce the risk of conflicting outcomes. *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999).

As it was in several other cases filed by Plaintiff, consolidation is warranted here. *Elmilligy I* and *III* share core factual allegations concerning the restraining orders, law enforcement investigations, the June 2023 home entry and firearm seizure, the ensuing criminal charges, and the alleged use of false information to prosecute Plaintiff. MCPO is a defendant in both actions. And although *Elmilligy III* adds defense attorneys and other defendants not named in *Elmilligy I*, identity of parties is not required where common factual and legal questions predominate. *See Johnson v. Manhattan R. Co.*, 289 U.S. 479, 496–97 (1933) ("[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."). The Court has already found substantially similar claims brought by Plaintiff in different actions sufficiently interconnected to warrant consolidation, and has already designated *Elmilligy I* as the proper forum for claims arising from this common series of events. *Elmilligy I*, 2026 WL 63712, at *2, *5.

The Court reaches the same conclusion now. Treating *Elmilligy I* and *III* separately would duplicate case management work, invite overlapping discovery, and create a risk of inconsistent rulings concerning the same searches, seizures, restraining orders, criminal information, and prosecutions. Consolidation will promote efficiency and judicial economy. *Elmilligy III* will therefore be **CONSOLIDATED** into *Elmilligy I* for all purposes and **ADMINISTRATIVELY TERMINATED**.

### B. A Stay Is Warranted

A district court has inherent authority to stay proceedings to control its docket and promote the fair and efficient resolution of cases. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Although a related criminal prosecution does not automatically require a civil stay, a stay may be warranted when the proceedings substantially overlap. *Walsh Sec., Inc. v. Cristo Prop. Mgmt.,*

*Ltd.*, 7 F. Supp. 2d 523, 526–27 (D.N.J. 1998). Following *Walsh*, courts in this District consider: (1) the extent of overlap between the civil and criminal matters; (2) the status of the criminal proceedings, including whether an indictment has issued; (3) prejudice to the non-moving party and burden on the moving party; (4) the Court's interests; and (5) the public interest. *Id.* at 527.

Here, the first and most important factor—the extent of the overlap—strongly favors a stay. *Walsh*, 7 F. Supp. 2d at 527. At least two pending prosecutions directly overlap with the civil allegations. In *Elmilligy I*, Plaintiff challenges the June 2023 search and seizure and alleges that it produced criminal firearm charges. *Elmilligy I*, D.E. 82 at 11–12. In *Elmilligy III*, Plaintiff expressly identifies the firearm prosecution as Indictment No. 24-05-00520-I. *Elmilligy III*, D.E. 1 at 1–3. Separately, Indictment No. 26-04-00398-I charges contempt for violating a restraining order, stalking, and false reports to law enforcement; those subjects recur in *Elmilligy I*'s allegations concerning the restraining orders, Mount Olive police, and allegedly retaliatory criminal charges. *Elmilligy I*, D.E. 82 at 6–9; D.E. 174-2 at 105–06.

The present record does not detail the factual basis of every indictment identified by the State. But the demonstrated overlap is substantial, and Plaintiff's pleadings themselves place the restraining orders, searches, seizures, and prosecutions at the center of the alleged coordinated course of conduct involving prosecutors, police departments, child welfare officials, private actors, and others. *See Elmilligy I*, D.E. 82 at 8–13; *Elmilligy III*, D.E. 1 at 1–4. Furthermore, the pleadings do not place the overlapping facts into discrete silos that would make a partial stay judicially administrable. Thus, a claim-by-claim or party-by-party stay would invite disputes over the stay's boundaries and permit discovery concerning the same events through defendants nominally outside a particular criminal prosecution. Such a partial stay would frustrate the purpose of the stay. The first factor therefore weighs strongly in favor of staying this action in its entirety.

The second factor—the status of the criminal proceedings—likewise strongly favors a stay. Plaintiff is not merely the subject of an investigation; he has already been indicted in multiple criminal matters and is detained pending trial. *Elmilligy I*, D.E. 174-1 at 1–2; D.E. 187 at 1. As *Walsh* explains, the strongest case for a civil stay ordinarily arises after indictment, when the criminal prosecution is underway and the risk of interference is greatest. *Walsh*, 7 F. Supp. 2d at 527.

The third factor—prejudice to the non-moving party and burden on the moving party—also weighs in favor of a stay. The Court recognizes that delaying a civil action can prejudice a plaintiff. Here, however, proceeding now would place Plaintiff in the difficult position of litigating *pro se* overlapping civil claims while preserving his Fifth Amendment privilege in the criminal matters. It would also impair Defendants' ability to obtain discovery from Plaintiff and create a risk that civil discovery could be used to obtain investigative materials or work product concerning the pending prosecutions. The Third Circuit has recognized the danger that parallel civil discovery may be used to advance a criminal case. *United States v. Mellon Bank, N.A.*, 545 F.2d 869, 873 (3d Cir. 1976). A stay protects both sides from those competing pressures. Moreover, Plaintiff recently advised the Court that his incarceration significantly limits his access to the law library, and on that basis, requested an additional 90 days to respond to several pending motions. *Elmilligy I*, D.E. 189 at 1. Thus, proceeding with merits litigation now would impose an immediate burden on Plaintiff that the stay itself will alleviate. *Id.*

The fourth and fifth factors—the Court's interests and the public interest, respectively—both favor a stay as well. This Court has already devoted substantial resources to managing Plaintiff's overlapping actions and repeated filings. Its prior orders have sought to channel related allegations into a single lead case because piecemeal litigation of the same series of events is

inefficient. *Elmilligy I*, 2026 WL 63712, at *5. Allowing the criminal matters to proceed first may narrow disputed facts and legal issues, while staying the civil action avoids duplicative discovery and potentially inconsistent factual development. The public likewise has a substantial interest in allowing pending criminal prosecutions to proceed without interference from overlapping civil discovery.

Taken together, the factors overwhelmingly warrant a stay of the entire consolidated action. The Court will therefore **STAY** all claims against all parties, together with all discovery, motion practice, pleading obligations, scheduling activity, and other merits proceedings. The stay will remain in effect pending final disposition of Plaintiff's ongoing state criminal prosecutions identified in the Motion, including any superseding indictment, retrial, or remand in those same criminal matters, and until further Order of this Court. The stay will not lift automatically upon the disposition of any single indictment or state docket. The Court will retain control of its duration through the status reports required below. Any party may seek leave to lift or modify the stay upon a material change in circumstances.[3]

### C. Pending Motions and Post-Stay Pleading

Four motions to dismiss are now pending across these matters: (1) the Township of Mount Olive and Mount Olive Police Department's motion at D.E. 159 in *Elmilligy I*; (2) the City of Elizabeth and Elizabeth Police Department's motion at D.E. 161 in *Elmilligy I*; (3) Brian Kenney's motion at D.E. 20 in *Elmilligy III*; and (4) the Federal Bureau of Investigation and American Citizen Services' motion at D.E. 190 in *Elmilligy I*. The Court will not adjudicate those motions while simultaneously staying all merits proceedings. Consolidation itself does not merge the

---

[3] Because the Court resolves the stay request under its inherent case management authority and the factors articulated in *Walsh*, the Court need not reach the State Defendants' separate argument concerning *Younger* abstention. *See* D.E. 187 (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

actions or their pleadings. *See Hall*, 584 U.S. at 67–68. But the State Defendants expressly request that, after the stay is lifted, Plaintiff file a single amended complaint containing the claims he intends to pursue in the consolidated action. Mot. at 18–19. In light of the overlapping pleadings and the Court's case management-related interest in avoiding serial motions directed at separate pleadings, the Court will require Plaintiff to file a single consolidated amended complaint after the stay is lifted. Deciding the pending motions to dismiss now would undermine efficiency and risk unnecessary merits rulings directed at pleadings that will later be superseded.

Accordingly, the pending motions to dismiss will be **ADMINISTRATIVELY TERMINATED** ***without prejudice***. The Court expresses no view on the merits of those motions, including the jurisdictional arguments raised by the Federal Bureau of Investigation and American Citizen Services.[4] After the stay is lifted, Plaintiff will be required to file one consolidated amended complaint containing all claims from *Elmilligy I* and *III* that he intends to pursue. That pleading will supersede the existing complaints and may not incorporate prior pleadings by reference. Any request to add claims or parties not presently asserted shall be made by separate motion under Federal Rule of Civil Procedure 15 and the Local Civil Rules. The Court will set the deadline for Defendants' responses when the stay is lifted.

---

[4] Plaintiff's request for additional time to respond to the pending dismissal motions, *see Elmilligy I*, D.E. 189, is therefore **DENIED** as **MOOT**.

## III. CONCLUSION AND ORDER

For the reasons stated above,

**IT IS** on this 14th day of September, 2026,

**ORDERED** that Civil Action No. 25-18249 is **CONSOLIDATED** with Civil Action No. 25-12720 for all purposes, with Civil Action No. 25-12720 remaining the lead action; and it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** Civil Action No. 25-18249; and it is further

**ORDERED** that the consolidated action is **STAYED** as to all claims and all parties pending final disposition of Plaintiff's ongoing state criminal prosecutions identified in D.E. 174-1, including Docket Nos. MRS-23-001157, UNN-24-001097, and MRS-24-000923, and Indictment Nos. 24-05-00520-I, 24-06-00530-I, and 26-04-00398-I, together with any superseding or successor proceedings arising from those prosecutions, and until further Order of this Court; and it is further

**ORDERED** that, during the stay, all discovery, motion practice, pleading and responsive pleading deadlines, amendment, service obligations, Rule 16 and Rule 26 activity, conferences, and all other merits proceedings are **HELD IN ABEYANCE**. No party may file a substantive motion, amended pleading, discovery application, or other merits submission absent prior leave of Court, except for the status reports or applications expressly authorized by this Order; and it is further

**ORDERED** that the pre-filing injunction entered in Civil Action No. 25-12720 remains **IN FULL FORCE AND EFFECT**. Nothing in this Order authorizes Plaintiff to commence a new action or file any motion otherwise prohibited by that injunction; and it is further

**ORDERED** that the motions to dismiss at D.E. 159, D.E. 161, and D.E. 190 in Civil Action No. 25-12720 and D.E. 20 in Civil Action No. 25-18249 are **ADMINISTRATIVELY TERMINATED** ***without prejudice*** to Defendants' right to file renewed motions directed to the operative consolidated pleading after the stay is lifted; and it is further

**ORDERED** that Plaintiff's request in D.E. 189 for a 90-day extension to respond to the pending motions to dismiss is **DENIED** as **MOOT**; and it is further

**ORDERED** that the State Defendants' time to answer, move, or otherwise respond to Plaintiff's pleadings is **EXTENDED** until further Order of the Court; and it is further

**ORDERED** that, every **90 days** while the stay remains in effect, the State Defendants shall file a status letter, not to exceed three pages, reporting the current posture and next scheduled material proceeding in Plaintiff's pending state criminal prosecutions and any material disposition since the prior report. The State Defendants shall also notify the Court within **7 days** of the final disposition of any criminal matter identified in D.E. 174. The first report is due on **November 12, 2026**, as required by D.E. 188; and it is further

**ORDERED** that any party may seek leave to lift or modify the stay upon a material change in circumstances; and it is further

**ORDERED** that, after the stay is lifted, Plaintiff shall file a single consolidated amended complaint within **30 days**, or within such other period as the Court may set, containing all claims from Civil Action Nos. 25-12720 and 25-18249 that he intends to pursue. The consolidated amended complaint shall supersede the prior pleadings. Any request to add claims or parties not presently asserted shall be made by separate motion under Federal Rule of Civil Procedure 15 and the Local Civil Rules; and it is finally

**ORDERED** that the Clerk of Court shall send Plaintiff a copy of this Order by regular U.S. mail at the address provided in D.E. 189.

Evelyn Padin, U.S.D.J.